# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KERI WILLS NEERING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-00057-CV-RK |
| | ) |
| AT&T, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant AT&T's motion to dismiss Plaintiff's Petition (Doc. 4), Plaintiff Keri Wills Neering's motion to strike Defendant's motion to dismiss (Doc. 10), and Defendant's motion to dismiss Plaintiff's First Amended Petition. (Doc. 13.) The motions are fully briefed. (Docs. 5, 14, 16, 21, 22.) For the reasons below, Defendant's motion to dismiss Plaintiff's Petition is **DENIED as moot**, Plaintiff's motion to strike Defendant's motion to dismiss is **DENIED as moot**, and Defendant's motion to dismiss Plaintiff's First Amended Petition is **GRANTED**.

## Background

Plaintiff's First Amended Petition for Damages (Doc. 9) sets forth the following allegations. Plaintiff worked at Defendant's call center in Lee's Summit, Missouri, as an account representative. Plaintiff suffers from the diagnosed disability of neck and back pain induced or caused by work related stress. Beginning in or about September 2019 through approximately February 2020, Plaintiff was suffering from daily pain in her neck, back, and arms. This pain was causing her difficulty in moving her neck, head, using her right arm, sitting upright for long periods of time, and lifting her hands above her shoulders. On or about September 11, 2019, Plaintiff's physician directed Plaintiff to take medical leave from work because the work-related stress Plaintiff was experiencing was causing her extreme neck and back pain and interfering with her ability to use her right arm. Beginning on or about September 11, 2019, Plaintiff used sick leave for five consecutive days in order to seek treatment for her disability and to attempt to manage and decrease the neck and back pain she was experiencing. On or about September 11, 2019, Plaintiff notified Defendant of her disability through documentation provided by her physician of her condition or disability and her need for sick or disability leave to seek treatment and relief from

her work-related disabilities or symptoms. On the sixth consecutive day of utilizing sick leave, Defendant placed Plaintiff on short-term medical leave. While out on sick and/or short-term medical leave, Plaintiff was seeking treatment from physicians, nerve specialists, physical therapists, and chiropractors for relief from her work-related condition. Despite these efforts, Plaintiff was unable to receive treatment from a nerve/pain specialist because they were booked and unavailable for months in advance. Plaintiff was able to receive treatment from a chiropractor, who advised Plaintiff that she needed to lie down with a towel under her neck in order to alleviate the pain and symptoms. Because of her disability, Plaintiff was not at work from approximately September 2019 through February 2020.

On or about January 16, 2020, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") asserting the claims of discrimination, hostile work environment, and/or retaliation set forth in this First Amended Petition for Damages or, alternatively, alleged conduct within the scope of any administrative investigation, or otherwise which could reasonably be expected to grow of this Charge of Discrimination. The Charge further complained of ongoing and continuous actions by the Defendant. On or about September 24, 2020, the MCHR issued its Notice of Right to Sue, and Plaintiff filed her Petition in state court in December of 2020. Defendant properly removed the case based on federal question jurisdiction.

Later, Plaintiff filed her First Amended Petition (Doc. 13) alleging discrimination in violation of the Missouri Human Rights Act ("MHRA") RSMo. § 213.055.1(3) (Count I), discrimination based on disability in violation of the MHRA (Count II), hostile work environment in violation of the MHRA (Count III), and discrimination for exercise of workers compensation rights, RSMo 287.780 (Count IV). Defendant then filed this motion to dismiss Plaintiff's Petition with prejudice under Rule 12(b)(6). (Doc. 13.)

**Legal Standard**

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "We assess plausibility considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (internal quotation marks omitted). "[M]aterials embraced by the complaint include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Ashanti*

*v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir.2003)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quotation marks and citation omitted).

**Analysis**

Defendant argues all Plaintiff's claims center on allegedly improperly denied short term disability benefits ("STD benefits") that are governed by the terms of the Legacy AT&T Disability Benefits Program ("Disability Benefits Program"), a component benefit program of the AT&T Umbrella Benefit Plan No. 3 (the "Plan"), which determines Plaintiff's eligibility for STD benefits. Defendant argues ERISA applies to the Plan and preempts all Plaintiff's claims because they relate to the Plan. Plaintiff argues based on her allegations the jury will only need to determine whether Defendant interfered with her ability to take paid leave for a work-related injury or her ability to seek or obtain medical treatment and will not require reference to or interpretation of an ERISA plan.

As summarily stated in the Court's Order denying motion to remand (Doc. 17), Plaintiff's claims are completely preempted by ERISA.

ERISA applies to "any plan, fund, or program" established or maintained by an employer for the purpose of providing employee welfare benefits to its employees and their beneficiaries, including disability benefits. 29 U.S.C. § 1002(1). ERISA preempts all other claims that "relate to" an employee benefit plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S 58, 62 (1987). As the Eighth Circuit has held, "the ERISA preemption clause is conspicuous for its breadth, and state law relates to a benefit plan if it has a connection with or reference to such a plan." *Neumann v. AT&T Commc'ns, Inc.*, 376 F.3d 773, 780 (8th Cir. 2004) (cleaned up). " 'Under this broad common-sense meaning, a state law may relate to a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.' " *Bryan v. Sedgwick, LLP*, No. 16-CV-00278-W-BP, 2016 WL 9307475, at *1 (W.D. Mo. Aug. 2, 2016) (quoting *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)).

3

Here, Count I alleges discrimination in violation of the MHRA, RSMo. § 213.055.1(3). Count I is premised on Defendant

> print[ing] or circulat[ing] and/or caus[ing] Sedgewick to print or circulate a statement which expressed, directly or indirectly Plaintiff's limitations, and/or lack thereof, because of Plaintiff's disability, specifically that Plaintiff was not "disabled enough," thereby discriminating against Plaintiff because of her disability, her perceived disability, and/or the disability which Defendant regarded Plaintiff as having.

(Doc. 9, ¶ 36.)

A proper frame of reference for this claim is provided by Plaintiff's MCHR charge, which is incorporated by reference in her First Amended Petition. In her charge, Plaintiff alleges "[p]ursuant to AT&T's policies," she called in sick for five days and then

> was considered to be on short term disability leave. . . . I received a letter from Sedgwick, AT&T's disability service center. This letter informed me that essentially, according to AT&T, I am not 'disabled enough' to qualify for short term disability benefits. This is incorrect. . . . I believe that AT&T's denial of my short term disability leave is discrimination based on my disability, and I believe they are deliberately denying me benefits that I clearly qualify for, simply because they do not want to pay me or provide me short term disability benefits. . . . They are unfairly denying me the benefits that I am entitled.

In this light, it becomes clear that Defendant and/or Sedgwick's statement that Plaintiff was not "disabled enough" refers to their determination that Plaintiff did not qualify for short term disability benefits. Plaintiff's charge references "AT&T's policies," "short term disability benefits[,]" and whether she qualifies for or is entitled to such benefits. This policy and these benefits constitute a plan or program established by Plaintiff's employer for providing employee welfare benefits to its employees and their beneficiaries, including disability benefits. Therefore, ERISA applies, preempting all other claims relating to this employee benefit plan. 29 U.S.C. § 1002(1); *Dedeaux*, 481 U.S. at 47; *Taylor*, 481 U.S at 62.

Similarly, Count II alleges discrimination based on disability in violation of the MHRA, but the conduct challenged includes "fail[ing] to accommodate" Plaintiff's disability and "fail[ing] to engage in an interactive process with Plaintiff regarding her disability . . . by, among other things, failing and/refusing to accommodate Plaintiff's disability which, although a disability as defined by the MHRA, was not 'disabled enough' to qualify for Defendant's short term disability benefits." Count III alleges hostile work environment in violation of the MHRA, but likewise challenges as "harassment" only the same conduct referred to in Count I of the statement that

Plaintiff was not "disabled enough" to qualify for short term disability benefits. Count IV alleges discrimination for exercise of workers compensation rights, RSMo 287.780, but specifies that the discrimination consisted of "*inter alia*, interfering with Plaintiff's ability to take paid leave for a work-related injury and/or her ability to seek or obtain medical treatment."

The essence of Plaintiff's claims is that she was unlawfully denied STD benefits because she was "not 'disabled enough'" to qualify under the terms of the plan for benefits. The benefits at issue are governed by an ERISA plan, which must be reviewed and considered to determine whether she was improperly denied STD benefits in the first place, prior to reaching any determination as to whether that alleged wrongful denial was discriminatory, constituted harassment, or constituted a hostile work environment.

Because Plaintiff's action is "brought to recover benefits or enforce rights that were allegedly denied contrary to the terms of an ERISA benefit plan" it "will be regarded as arising under the laws of the United States," even though Plaintiff's First Amended Complaint "purports to raise only [] state-law cause[s] of action." *Neumann*, 376 F.3d at 779 (citing *Metropolitan Life*, 481 U.S. at 66–67). Plaintiff's claims "require interpretation of [Defendant's ERISA-governed plan], and those arguments do not affect the plan in merely a 'tenuous, remote or peripheral' manner." *Id.* at 780 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 100 n. 21 (1983)).

The Court finds the merits of Plaintiff's discrimination, harassment, and hostile work environment claims are substantially dependent on her assertion that Defendant incorrectly classified her as "not 'disabled enough'" to qualify for STD benefits under the ERISA plan. *Id.* at 781. As such, the doctrine of complete preemption applies to Plaintiff's state law claims set forth in her First Amended Petition.

## Conclusion

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's motion to dismiss Plaintiff's Petition (Doc. 4) is **DENIED as moot**.
(2) Plaintiff's motion to strike Defendant's motion to dismiss is **DENIED as moot.**
(3) Defendant's motion to dismiss Plaintiff's First Amended Petition is **GRANTED,** however Plaintiff is hereby granted leave to amend her Petition to allege ERISA as the

law under which her claims arise.[1]  Should Plaintiff choose not to so amend her Petition, the case will be dismissed without further notice.

(4) If Plaintiff chooses to amend her petition to allege ERISA as the law under which her claims arise, Plaintiff is **ORDERED** to file such Second Amended Complaint on or before July 6, 2021.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 21, 2021

---

[1] In so directing, the Court expresses no opinion on whether Plaintiff in fact has viable ERISA claims.