# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KERI WILLS NEERING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-00057-CV-RK |
| | ) |
| AT&T UMBRELLA BENEFIT PLAN NO.3, | ) |
| | ) |
| | ) |
| Defendant. | |

## ORDER

Before the Court is Defendant AT&T Umbrella Benefit Plan No. 3's motion to partially dismiss Plaintiff Keri Wills Neering's Second Amended Complaint. (Doc. 28.) The deadline for Plaintiff to file suggestions in opposition/response was October 1, 2021, and to date no opposition has been filed.

As set forth in Defendant's motion,[1] all three prior iterations of Plaintiff's complaint included only allegations about short-term disability ("STD") benefits under the Legacy AT&T Disability Benefits Program ("Disability Benefits Program"), a component benefit program of the AT&T Umbrella Benefit Plan No. 3 (the "Plan"). In her latest amended complaint, Plaintiff includes allegations that she seeks "to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant." (Doc. 25 at 1.)

Under the Employee Retirement Income Security Act ("ERISA"), prior to filing a lawsuit seeking to recover a particular benefit from an ERISA plan, a participant must first follow the plan's internal claim process and make a claim for such benefits to the applicable claims or plan administrator, and then appeal the denial of any such claim through the end of the applicable plan claim process. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013) (ERISA denial of benefits claim does not accrue until benefit plan issues it final decision on internal claim for benefits); *Burds v. Union Pac. Corp.*, 223 F.3d 814, 817 (8th Cir. 2000) ("It is well-established that when exhaustion is clearly required under the terms of an ERISA benefits plan, the plan

---

[1] On review of the record, Defendant's position is found to be persuasive. Portions of Defendant's motion and suggestions are adopted without further citation.

beneficiary's failure to exhaust her administrative remedies bars her from asserting any unexhausted claims in federal court."). Pleading exhaustion of plan administrative remedies with regard to the benefit sought is therefore a prerequisite to asserting a viable ERISA denial of benefits claim in federal court. *See Van Natta v. Sara Lee Corp.*, 439 F. Supp. 2d 911, 940 (N.D. Iowa 2006) (dismissing where the plaintiffs had not alleged they pursued any internal claim procedures as required under ERISA); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992) (affirming dismissal based on finding that plaintiff failed to plead exhaustion of administrative remedies or an exception); *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 & n.2 (11th Cir. 1995) (affirming dismissal of ERISA benefits count where plaintiff neither pleaded nor recited facts showing that administrative remedies were exhausted under the plan or that an exception was applicable).

The Court has considered the record, Defendant's motion, and suggestions in support. The Court finds Plaintiff fails to allege that she filed a claim and exhausted the Plan's claims procedures for any type of benefit other than STD benefits. Accordingly, Defendant's unopposed Rule 12(b)(6) motion to dismiss the allegations and claims for LTD benefits, "waiver of premium" benefits, or any other kind of benefits from the Plan other than STD benefits is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 12, 2021